UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE FRIAS and ADRIAN GLENN
PARPAN FRIAS, as parents of A.F., a
minor,

      Plaintiffs,

                                    Case No.: 8:20-CV-1723

vs.

TARGET CORPORATION, a foreign
corporation, and UNKNOWN STORE
MANAGER,

      Defendants.

_____/

**DEFENDANT TARGET CORPORATION'S**
**<u>NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT</u>**

      Defendant Target Corporation ("Target"), through undersigned counsel, pursuant to 28

U.S.C. §1446 and Rule 4.02, Local Rules for the Middle District of Florida, hereby removes

this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County,

Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

In support of its removal, Target states as follows:

BACKGROUND

1.      "The district courts shall have original jurisdiction of all civil actions where the matter

      in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

      is between citizens of different States." 28 U.S.C §1332(a)(1).

2.   "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

3.   This is a civil matter over which this Court has original jurisdiction because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.   On March 24, 2020, Plaintiffs Michelle Frias and Adrian Glenn Parpan Frias, as parents of A.F., a minor, filed a lawsuit in the Sixth Judicial Circuit Court for Pinellas County, Florida, captioned *Michelle Frias and Adrian Glenn Parpan Frias, as parents of A.F., a minor v. Target Corporation, a foreign corporation, and Unknown Store Manager*, Case No.: 20-001495-CI.

5.   On March 25, 2020, Plaintiffs' Summons, Complaint and Discovery were served upon Target through its registered agent.

6.   On April 14, 2020, Target filed its Answer and Affirmative Defenses to Plaintiffs' Complaint.

7.   The case stated by the initial pleading was not removable in that the Complaint alleged the action was for "damages that exceed $30,000.00".  Compl. at ¶1.

8.   However, between June 25 and July 23, 2020, Defendant received other papers (i.e. medical and billing records in response to Target's discovery) from which it was first ascertained that the case is one which has become removable.

9.  This Notice of Removal is timely because it is filed within thirty days after receipt by Defendant of a copy of other papers from which it was first ascertained that the case is one which has become removable.

### AMOUNT IN CONTROVERSY

10. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Plaintiffs filed suit against Target after A.F., a minor ("Minor") fell in a Target store. *See* Compl. at ¶10.

12. According to Plaintiffs' Complaint, the Minor was four years old at the time of the May 15, 2017 incident.  *See Id*.  Thus, at the time of this removal, the Minor is seven years old.

13. According to the Social Security Actuarial Life Table, found online at https://www.ssa.gov/oact/STATS/table4c6.html, the Minor - a male, is expected to live until the age of approximately 69 years old.

14. Plaintiffs allege that the Minor:

    . . . underwent extensive medical treatment and rehabilitative care.

    . . . suffered and will continue to suffer great physical pain and mental anguish and has incurred expense in an attempt to cure and/or treat the injuries he sustained.

    . . . has been and will continue to be unable to perform his normal and daily activities.

Complaint at ¶¶17-19.

15.  In addition, Plaintiffs also allege that they have suffered loss of companionship, love, affection, and solace, and loss of the day to day services and earnings of their son.  *See* Complaint at ¶¶ 31, 32, 35, 36, 39, 40, 43, 44.

16.  In response to Target's Request for Production, Plaintiffs produced billing records reflecting total charges of $32,299.91.  *See* **Composite Exhibit "A"**, attached hereto. And Target does not have reason to believe it is in possession of complete billing records at this time because discovery is ongoing, and it has not yet received Plaintiffs' Answers to Interrogatories.

17.  In response to Target's Request for Production, Plaintiffs also produced medical records reflecting significant medical diagnoses and future medical treatment, particularly in light of the Minor's age and life expectancy, including:

> **Current Diagnosis**
> Other Cervical Disc Displacement, Unspecified Cervical
> Cervicocranial Syndrome
> Segmental and Somatic Dysfunction of Cervical Reg.
> Temporomandibular Joint Disorder, Unspecified
>
> **Diagnosis:**
> Headache
> Sleep disturbance
> Traumatic brain injury
> Postconcussional syndrome
> Irritability and anger
>
> **Treatment Plan:**
> Patient to begin treatment for TBI rehab . . .
> Referral given for pediatric neurology and neuropsychiatry
>
> **TMJ PROBLEM QUESTIONNAIRE**
> Describe the problem in your own words as you understand them:
> *My son fell and hit*
> *face 1st knocking front teeth*
> *loose in Target on 5/2017*

> *Teeth reattached however*
> *were nerve dead + turned*
> *gray – had to be pulled*
> *last week due to infection*

See *Id*.

18.     A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing Dart, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it. *Id*.

19.  Although Target denies that Plaintiffs are entitled to any monetary relief whatsoever, based on the foregoing information, Target believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Target's good faith belief is based upon the Minor's age and life expectancy, medical documentation provided in discovery, the Minor's alleged past medical expenses, and Plaintiffs' allegations in their Complaint.

20.  As such, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this Court has jurisdiction over this case. See 28 U.S.C. § 1332(a).

### DIVERSITY OF CITIZENSHIP

21.  This civil matter is between citizens of different States.

22.  Plaintiffs are citizens of Florida.

23.  For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla.

Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

24.   In their Complaint, Plaintiffs allege that they, and the Minor, "currently reside[] in Pinellas County, Florida." (Compl., at ¶¶ 2, 4, 5).

25.   Target is a citizen of Minnesota.

26.   Specifically, Target is incorporated in Minnesota, and its principal place of business is in Minneapolis, Minnesota.

27.   Plaintiffs' Complaint purports to assert a cause of action against "Unknown Store Manager".   However, Unknown Store Manager is a fictitious name, and when determining whether a civil action is removable on the basis of diversity, "citizenship of defendants sued under fictitious names shall be disregarded."   *See* 28 U.S.C. § 1441(b)(1).

28.   At no time material to this action were Plaintiffs and Defendant citizens of the same state.

29.   As such, the matter is between citizens of different States, and diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a)(1).

PROCEDURAL COMPLIANCE

30.   As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State court in this action are attached as **Composite Exhibit "B"**.

31.    As required by 28 U.S.C. § 1446(d), written notice of removal of this civil action has

been given to Plaintiffs and filed with the clerk of court for the Sixth Judicial Circuit

Court for Pinellas County, Florida.

### CONCLUSION

WHEREFORE, Defendant Target Corporation notices the removal of the action now

pending against it in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County,

Florida (Case No.: 20-001495-CI), to the United States District Court for the Middle District

of Florida, Tampa Division, and respectfully requests this Honorable Court to exercise

jurisdiction over this matter.

Respectfully submitted

/s/ Sherilee J. Samuel
John L. Holcomb (FBN: 296139)
Sherilee J. Samuel (FBN: 017499)
Attorneys for Defendant, Target Corporation
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL 33601-2231
phone: 813-221-3900
fax:     813-221-2900
e-mail: john.holcomb@hwhlaw.com
e-mail: sherilee.samuel@hwhlaw.com

### CERTIFICATE OF SERICE

I HEREBY CERTIFY that on July 24, 2020, I have filed the above using the CM/ECF

system, which will send e-mail notification of such filing to R. Stanley Gipe, Esquire, of Papa

& Gipe, P.A., attorneys for Plaintiff.

/s/ Sherilee J. Samuel
John L. Holcomb
Sherilee J. Samuel