IN THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ADRIAN FRIAS, a minor, by and
through his natural parents
and legal guardians, MICHELLE
FRIAS and ADRIAN GLENN PARPAN
FRIAS and MICHELLE FRIAS,
individually and ADRIAN GLENN
PARPAN FRIAS, individually,

    Plaintiffs,

v.                              CASE NO:

TARGET CORPORATION, a foreign
corporation and UNKNOWN STORE
MANAGER,

    Defendants.
_____/

## COMPLAINT

Plaintiff's, ADRIAN FRIAS, a minor, by and through his natural parents and legal guardians, MICHELLE FRIAS and ADRIAN GLENN PARPAN FRIAS and MICHELLE FRIAS, individually and ADRIAN GLENN PARPAN FRIAS, individually, sues Defendant's, TARGET CORPORATION, a foreign corporation and UNKNOWN STORE MANAGER and alleges:

### COMMON ALLEGATIONS

1. This is an action for damages that exceed $30,000.00.

2. Plaintiff, ADRIAN FRIAS, is a minor child currently residing in Pinellas County, Florida.

3. Plaintiff, ADRIAN FRIAS, is a minor child whose interests are represented by his parents and legal guardians, MICHELLE FRIAS and ADIAN GLENN PARPAN FRIAS, who are over eighteen years of age.

4. Plaintiff, MICHELLE FRIAS, currently resides in Pinellas County, Florida.

5. Plaintiff, ADRIAN GLENN PARPAN FRIAS, currently resides in Pinellas County, Florida.

6. At all times material hereto, the Defendant, TARGET CORPORATION, was authorized and doing business in Pinellas County, Florida.

7. At all times material hereto, Defendant, TARGET CORPORATION, owned, operated and maintained a store located at 2747 Gulf to Bay Blvd., Clearwater, Florida.

8. At all times material hereto, Defendant UNKNOWN STORE MANAGER, was employed by Defendant, TARGET CORPORATION, as a store manager.

9. On or about May 15, 2017, Plaintiff, ADRIAN FRIAS, a minor, was legally on the premises of TARGET CORPORATION, located at 2747 Gulf to Bay Blvd., Clearwater, Pinellas County, Florida, (hereinafter referred to as "Premises").

10. On or about May 15, 2017, Plaintiff, ADRIAN FRIAS, a four-year-old child, was legally on the premises when he approached a display of donuts. Due to the negligent design and/or placement of the display of donuts, Plaintiff, ADRIAN FRIAS, caught his foot on the display causing him to fall on the floor.

**COUNT I**

11. Plaintiff realleges paragraphs 1 through 10 above as if fully restated herein.

12. At all times material hereto, the Defendant, TARGET CORPORATION, owed a duty to the public and specifically to the Plaintiff, ADRIAN FRIAS, to keep its property and/or the property under its care, custody and/or control in a reasonably safe condition.

13. Defendant, TARGET CORPORATION, breached that duty by failing to correct the unsafe condition that existed in the store.

14. Defendant, TARGET CORPORATION, negligently created the dangerous condition, which was the unsafe display, and/or allowed another to create the dangerous condition, negligently failed to inspect the Premises for dangerous conditions and allowed the dangerous condition to remain on the floor, when it knew, or in the exercise of reasonable care, should have known that the unsafe display would likely be on the floor of the Premises, and that such unsafe display would greatly increase the risk that customers, including Plaintiff, ADRIAN FRIAS, would fall and sustain injuries.

15. Defendant, TARGET CORPORATION, negligently failed to warn Plaintiff, ADRIAN FRIAS, of the aforementioned dangerous condition on the Premises when it knew, or in the exercise of reasonable care, should have known that the dangerous display existed.

16. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, as stated above, Plaintiff, ADRIAN FRIAS, tripped and fell and sustained serious injuries.

17. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, as stated above, Plaintiff, ADRIAN

FRIAS, underwent extensive medical treatment and rehabilitative care.

18. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, as stated above, Plaintiff, ADRIAN FRIAS, has suffered and will continue to suffer great physical pain and mental anguish and has incurred expenses in an attempt to cure and/or treat the injuries he sustained.

19. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, as stated above, Plaintiff, ADRIAN FRIAS, has been and will continue to be unable to perform his normal and daily activities.

WHEREFORE, Plaintiff, ADRIAN FRIAS, a minor, by and through his parents and legal guardians, MICHELLE FRIAS and ADRIAN GLENN PARPAN FRIAS, demands judgment against the Defendant, TARGET CORPORATION, for money damages, including costs and any other relief this court deems appropriate and a trial by jury.

### COUNT II

20. Plaintiff realleges paragraphs 1 through 10 above as if fully restated herein.

21. At all times material hereto, the Defendant, UNKNOWN STORE MANAGER, owed a duty to the public and specifically to the Plaintiff, ADRIAN FRIAS, to keep its property and/or the property under its care, custody and/or control in a reasonably safe condition.

22. Defendant, UNKNOWN STORE MANAGER, breached that duty by failing to correct the unsafe condition that existed in the store.

23. Defendant, UNKNOWN STORE MANAGER, negligently created the dangerous condition, which was the unsafe display, and/or allowed another to create the dangerous condition, negligently failed to inspect the Premises for dangerous conditions and allowed the dangerous condition to remain on the floor, when it knew, or in the exercise of reasonable care, should have known that the unsafe display would likely be on the floor of the Premises, and that such unsafe display would greatly increase the risk that customers, including Plaintiff, ADRIAN FRIAS, would fall and sustain injuries.

24. Defendant, UNKNOWN STORE MANAGER, negligently failed to warn Plaintiff, ADRIAN FRIAS, of the aforementioned dangerous condition on the Premises when it knew, or in the exercise of reasonable care, should have known that the dangerous display existed.

25. As a direct and proximate result of the negligence of Defendant, UNKNOWN STORE MANAGER, as stated above, Plaintiff, ADRIAN FRIAS, tripped and fell and sustained serious injuries.

26. As a direct and proximate result of the negligence of Defendant, UNKNOWN STORE MANAGER, as stated above, Plaintiff, ADRIAN FRIAS, underwent extensive medical treatment and rehabilitative care.

27. As a direct and proximate result of the negligence of Defendant, UNKNOWN STORE MANAGER, as stated above, Plaintiff, ADRIAN FRIAS, has suffered and will continue to suffer great physical pain and mental anguish and has incurred expenses in an attempt to cure and/or treat the injuries he sustained.

28. As a direct and proximate result of the negligence of Defendant, UNKNOWN STORE MANAGER, as stated above, Plaintiff, ADRIAN FRIAS, has been and will continue to be unable to perform his normal and daily activities.

WHEREFORE, Plaintiff, ADRIAN FRIAS, a minor, by and through his parents and legal guardians, MICHELLE FRIAS and ADRIAN GLENN PARPAN FRIAS, demands judgment against the Defendant, UNKNOWN STORE MANAGER, for money damages, including costs and any other relief this court deems appropriate and a trial by jury.

**COUNT III**

29. Plaintiff realleges paragraphs 1 through 10 above as if fully restated herein.

30. As a result of TARGET CORPORATIONS negligence, ADRIAN FRIAS, has sustained significant and serious, permanent injuries.

31. As a result of the injuries sustained by ADRIAN FRIAS, MICHELLE FRIAS has sustained significant damages including but not limited to the loss of companionship, love, affection, and solace of her injured son, ADRIAN FRIAS.

32. As a result of the injuries sustained by ADRIAN FRIAS, MICHELLE FRIAS has sustained significant damages including but not limited to the loss of the day to day services and earnings of her injured son, ADRIAN FRIAS.

WHEREFORE, MICHELLE FRIAS, individually, demands judgment against the Defendant, TARGET CORPORATION, for money damages, including costs, attorney's fees and any other relief this court deems appropriate and a trial by jury.

## COUNT IV

33. Plaintiff realleges paragraphs 1 through 10 above as if fully restated herein.

34. As a result of UNKNOWN STORE MANAGER'S negligence, ADRIAN FRIAS, has sustained significant, serious, permanent injuries.

35. As a result of the injuries sustained by ADRIAN FRIAS, MICHELLE FRIAS has sustained significant damages including but not limited to the loss of companionship, love, affection, and solace of her injured son, ADRIAN FRIAS.

36. As a result of the injuries sustained by ADRIAN FRIAS, MICHELLE FRIAS has sustained significant damages including but not limited to the loss of the day to day services and earnings, of her injured son, ADRIAN FRIAS.

WHEREFORE, MICHELLE FRIAS, individually, demands judgment against the Defendant, UNKNOWN STORE MANAGER, for money damages, including costs, attorney's fees and any other relief this court deems appropriate and a trial by jury.

## COUNT V

37. Plaintiff realleges paragraphs 1 through 10 above as if fully restated herein.

38. As a result of TARGET CORPORATIONS negligence, ADRIAN FRIAS, has sustained significant, serious, permanent injuries.

39. As a result of the injuries sustained by ADRIAN FRIAS, ADRIAN GLENN PARPAN FRIAS has sustained significant damages

including but not limited to the loss of companionship, love, affection, and solace of his injured son, ADRIAN FRIAS.

40. As a result of the injuries sustained by ADRIAN FRIAS, ADRIAN GLENN PARPAN FRIAS has sustained significant damages including but not limited to the loss of the day to day services and earnings of his injured son, ADRIAN FRIAS.

WHEREFORE, ADRIAN GLENN PARPAN FRIAS, individually, demands judgment against the Defendant, TARGET CORPORATION, for money damages, including costs, attorney's fees and any other relief this court deems appropriate and a trial by jury.

## COUNT VI

41. Plaintiff realleges paragraphs 1 through 10 above as if fully restated herein.

42. As a result of UNKNOWN STORE MANAGER negligence, ADRIAN FRIAS, has sustained significant, serious, permanent injuries.

43. As a result of the injuries sustained by ADRIAN FRIAS, ADRIAN GLENN PARPAN FRIAS has sustained significant damages including but not limited to the loss of companionship, love, affection, and solace of his injured son, ADRIAN FRIAS.

44. As a result of the injuries sustained by ADRIAN FRIAS, ADRIAN GLENN PARPAN FRIAS has sustained significant damages including but not limited to the loss of the day to day services and earnings of his injured son, ADRIAN FRIAS.

WHEREFORE, ADRIAN GLENN PARPAN FRIAS, individually, demands judgment against the Defendant, UNKNOWN STORE MANAGER, for money damages, including costs, attorney's fees and any other relief

this court deems appropriate and a trial by jury.

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the defendant with service of process.

                                           <u>s/ R. Stanley Gipe</u>
                                           R. STANLEY GIPE, ESQ.
                                           PAPA & GIPE, P.A.
                                           1724 Gulf to Bay Blvd.
                                           Clearwater, Florida  33755
                                           Phone: 727-461-4357
                                           Fax: 727-443-3030
                                           Fla. Bar No: 0187607
                                           Attorney for Plaintiff
                                           Primary: service@papaandgipe.com
                                           Secondary: srountree@papaandgipe.com

/slr